IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BLACKWELL ENTERPRISES, INC., an Oklahoma corporation,<br><br>　　　　　　　　　　　Defendant | Case No.: 13-cv-9282<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") (collectively, "the Funds"), and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1.　This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Funds by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2.　This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are "employee benefit plans" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Funds' Trust Agreements which designate this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Funds are employee benefit plans and trusts, with their principal offices located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Funds and paying the administrative expenses of the Funds.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Funds as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Funds and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Blackwell Enterprises, Inc. ("Blackwell") is a corporation organized under the laws of the State of Oklahoma. Blackwell is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

**FACTUAL BACKGROUND**

8. The IBT is a labor organization that represents, for the purpose of collective bargaining, certain employees of Blackwell and employees of other employers in industries affecting interstate commerce.

9. Blackwell is a member of the National Pipeline Contractors Association.

10. During all relevant times, Blackwell, as a member of the National Pipeline Contractors Association, and the IBT have been parties to a collective bargaining agreement known as the National Pipe Line Agreement. Pursuant to that agreement, Blackwell has been required to make contributions to the Funds on behalf of certain of its covered employees.

11. Blackwell and the IBT are also parties to a participation agreement, in which Blackwell agreed to be bound by the terms of the Funds' Trust Agreements and all rules and regulations promulgated by the Trustees under said Trust Agreements.

12. Under the Trust Agreements, Blackwell was required to "remit continuing and prompt contributions to the [Funds] as required by the applicable collective bargaining agreement."

13. The Pension Fund's Trust Agreement provides, in part, as follows:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th)

3

day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Health Fund Trust Agreement also contains (and contained) a provision that is (and was) identical to the provision quoted in the above paragraph 13, except there are no references to "withdrawal liability" in the Health Fund Trust Agreement provision.

15. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Funds bill the employers for contributions.

## STATUTORY AUTHORITY

16. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

    Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

4

>In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
>(A)   the unpaid contributions,
>
>(B)   interest on the unpaid contributions,
>
>(C)   an amount equal to the greater of--
>
>>(i)   interest on the unpaid contributions, or
>>
>>(ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>(D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
>(E)   such other legal or equitable relief as the court deems appropriate.
>
>For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## **STATUTORY AND CONTRACTUAL VIOLATIONS**

18.   Pursuant to the Funds' Trust Agreements, the Funds are permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

19.   The Funds audited Blackwell's records to verify the accuracy and completeness of employee work history reported to the Funds by Blackwell during the period December 26, 2010 through June 30, 2012.

20.   The audit revealed that Blackwell had failed to accurately report the work history of its covered employees from December 26, 2010 through June 30, 2012.

21. Blackwell breached the provisions of ERISA, the CBA, and the Trust Agreements by failing to pay all of the contributions (and interest due thereon) owed to the Funds for the period beginning December 26, 2010 through June 30, 2012.

22. Blackwell owes the Health Fund at least $34,333.90 (excluding interest) as a result of its failure to accurately report work history of its covered employees from December 26, 2010 through June 30, 2012.

23. Blackwell owes the Pension Fund at least $21,197.44 (excluding interest) as a result of its failure to accurately report work history of its covered employees from December 26, 2010 through June 30, 2012.

24. Under the Trust Agreement, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Blackwell in favor of the Funds, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreements, for:

    (i) the unpaid contributions owed to the Funds by Defendant;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (iv) attorney's fees and costs; and

    (v) audit fees and costs.

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/Emily E. Gleason*
Emily E. Gleason, Esq.
Illinois ARDC No. 6298395
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 939-2343
E-mail: egleason@centralstatesfunds.org